UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BENJAMIN SERRANO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No. |
| v. ) | 12-40012-FDS |
| ) | |
| THOMAS DICKHAUT, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER ON MOTION FOR APPOINTED COUNSEL AND MOTION TO DISMISS

**SAYLOR, J.**

Petitioner Benjamin Serrano, an inmate at North Central Correctional Institution ("NCCI") in Gardner, Massachusetts, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 8, 2008, Serrano was convicted of second-degree murder and possession of a firearm without a license following a trial by jury in the Essex Superior Court. He appealed to the Massachusetts Appeals Court, which affirmed the conviction on March 27, 2009. *See Commonwealth v. Serrano*, 74 Mass. App. Ct. 1 (2009). The Massachusetts Supreme Judicial Court ("SJC") denied his application for further appellate review on July 9, 2009. *See Commonwealth v. Serrano*, 454 Mass. 1106 (2009).

On December 4, 2009, Serrano filed a motion for a new trial in the Superior Court, which was denied. The Appeals Court affirmed the denial of that motion on December 27, 2010. *See Commonwealth v. Serrano*, 78 Mass. App. Ct. 1116 (2010). The SJC denied further appellate review on March 2, 2011. *See Commonwealth v. Serrano*, 459 Mass. 1106 (2011).

On February 1, 2012, Serrano filed for federal habeas corpus relief in this Court. The grounds asserted in his petition are essentially identical to those on which he sought appellate review in state court: (1) ineffective assistance of counsel at trial, (2) failure by the trial judge to instruct the jury properly on joint venture, and (3) due process violations based on the trial court's denial of an evidentiary hearing on his motion for a new trial and the appeals court's failure to apply harmless-error analysis to his claim based on an alleged withdrawal from the joint venture.

After filing his § 2254 petition, Serrano moved for appointment of counsel. On March 30, 2012, respondent Thomas Dickhaut moved to dismiss the petition as time-barred by the applicable statute of limitations, 28 U.S.C. § 2244(d). For the reasons set forth below, the motion to appoint counsel will be denied and the motion to dismiss will be granted.

**I.     Appointment of Counsel**

The Court may appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel is discretionary; a habeas petitioner has no constitutional or statutory right to appointed counsel. *Jackson v. Coalter*, 337 F.3d 74, 77 n.2 (1st Cir. 2003). The standard which the Court should employ in determining whether counsel should be appointed is not set forth in the statute. The First Circuit has set forth three criteria by which the court must discern the "rare" case where appointment of counsel for a habeas petitioner is warranted: (1) the likelihood of success on the constitutional claim, (2) the factual complexity and legal intricacy of the claim, and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim. *United States v. Mala*, 7 F.3d

1058, 1063-64 (1993).[1]

Here, the likelihood-of-success factor is dispositive. As discussed below, petitioner did not file his petition for relief under § 2254 within the limitations period prescribed by 28 U.S.C. § 2244(d). Because his petition is time-barred, appointment of counsel is not warranted.

## II.    Motion to Dismiss

Respondent has moved to dismiss the petition on grounds that it is barred by the statute of limitations applicable to federal habeas corpus petitions under § 2254.

Federal law imposes a one-year limitations period for habeas petitioners filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the time that the state-court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Once a prisoner's direct appeal to the highest court of the state has concluded, the conviction becomes final at the end of the ninety-day period during which the prisoner may petition for certiorari with the United States Supreme Court. *Voravongsa v. Wall*, 349 F.3d 1, 2 (1st Cir. 2003).

The law provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). It also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[1] Even though the petitioner in the *Mala* case was a federal prisoner seeking relief under § 2255, the *Mala* factors are applicable to petitions under § 2254. First, none of the factors in *Mala* are specific to § 2255 cases. Second, § 3006A does not create a different standard for appointment of counsel depending on which statute the habeas petition invokes. Third, case law from other circuits demonstrates the use of nearly identical factors in evaluating motions for appointment of counsel in § 2254 cases. *See, e.g., Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (to determine whether appointment of counsel is warranted in a § 2254 case "a district court should consider the factual and legal complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors").

claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  In addition, equitable tolling of the limitations period may be available when "extraordinary circumstances" beyond the petitioner's control have prevented the prompt filing of the petition.  *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

Here, the SJC denied further appellate review of petitioner's conviction on July 9, 2009. Petitioner did not file a petition for certiorari with the Supreme Court, so his conviction became final ninety days later, on October 7, 2009.  The limitations period then ran for 58 days but was tolled when petitioner filed a motion for new trial on December 4, 2009.  At that point, 307 days remained of the one-year limitations period.

The toll remained in effect until March 2, 2011, when the SJC denied further appellate review of the trial court's denial of petitioner's motion for a new trial.  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").  The limitations period therefore expired 307 days later, on January 3, 2012.  Petitioner filed for relief in this court on February 1, 2012, twenty-nine days after that deadline had passed.

Petitioner contends that the alleged errors in the trial court's instructions to the jury constitute a credible showing of actual innocence that requires equitable tolling of the limitations period.  Actual innocence is "a gateway through which a habeas petitioner [may] have his otherwise barred constitutional claim considered on the merits."  *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)) (internal quotation marks omitted).  To succeed, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). Further, "actual innocence" requires a showing of "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The First Circuit to date has not adopted an actual innocence exception to the one-year limitations period. *Barreto-Barreto v. United States*, 551 F.3d 95, 102 (1st Cir. 2008). Moreover, it has expressly rejected the application of equitable tolling based on an actual-innocence claim where, as here, a prisoner's claim rests on alleged errors in jury instructions. *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003).[2] Thus, petitioner is not entitled to an equitable tolling of the § 2244(d) limitations period based on his claim of actual innocence.

Nor does any other consideration warrant equitable tolling in this case. Generally, equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004). Other than his actual-innocence claim, petitioner asserts only that equitable tolling should be applied because the interval between his direct appeal and subsequent round of post-conviction proceeding was insignificant. However, the interval was nearly two months long, and the statute does not permit courts to toll the §2244(d) limitations period merely because a prisoner has come close enough, in the court's view, to substantial compliance. *Lattimore v. Dubois*, 311 F.3d 46, 54-57 (1st Cir. 2002) (holding that a petition filed one day after the expiration of the limitations period was untimely and did not warrant equitable tolling).

---

[2] In *David*, the court made an exception to this rule for situations where the petitioner's "claim regarding the misstatement of the elements of the [crime] came to light only after the limitations period had expired." *Id.* at 347. That is not the case here, as is made clear by the fact that petitioner raised substantially similar claims during his direct appeal.

Because petitioner has not shown that extraordinary circumstances prevented him from filing the petition on time, his claims are time-barred under § 2244(d).

### III.     Conclusion

For the foregoing reasons, respondent's Motion to Dismiss is GRANTED, and the petition is hereby dismissed with prejudice.  Petitioner's Motion to Appoint Counsel is DENIED.  **So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  June 19, 2012